IN THE CIRCUIT COURT OF PANOLA COUNTY, MISSISSIPPI
SECOND JUDICIAL DISTRICT

GLORIA HOLMES                                                                PLAINTIFF

V.                                                              CAUSE NO. CV 2013-418 MP

GGNSC BATESVILLE LLC d/b/a
GOLDEN LIVING CENTER, FRESENIUS
MEDICAL CARE SARDIS
and JOHN AND JANE DOES I-X                                         DEFENDANTS

## COMPLAINT
*(Jury Trial Demanded)*

COMES NOW the Plaintiff, Gloria Holmes and files this civil action for damages against the Defendants, GGNSC Batesville LLC d/b/a Golden Living Center, Fresenius Medical Care Sardis and John and Jane Does I-X. Plaintiff states the following in support of his Complaint:

## I. PARTIES

1. The Plaintiff Gloria Holmes is currently a resident of Lafayette County, Mississippi.

2. The Defendant GGNSC Batesville LLC d/b/a Golden Living Center is a nursing home facility located at 154 Woodland Road, Batesville, MS, 38606. It can be served by delivering a copy of the Complaint and Summons to its Registered Agent Corporation Service Company, 506 S. President Street, Jackson, Mississippi 39201.

3. The Defendant Fresenius Medical Care is a medical facility located at 200 E. Frontage Road, Sardis, MS, 38666. It can be served by delivering a copy of the Complaint and Summons to its Registered Agent CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4. Defendant John and Jane Does I-X are believed to be other staff, doctors, nurses, agents, representatives, and/or agents of Defendants who may be liable to the Plaintiff by virtue

FILED
MAR 19 2013
MELISSA MEEK-PHELPS
CIRCUIT CLERK

of their relationship to the claims alleged herein. The identity of the unknown Defendants cannot be determined at this time. The Plaintiff will amend his Complaint so as to identify and include one or more of the unknown Defendants at such time as their identities and responsibilities are established.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over the parties in the subject matter herein. This Court is the proper venue in the matter as certain of the Defendants are located in Panola County, Mississippi.

6. Venue is proper in this Court as set forth in Miss. Code Ann. § 11-11-3(3).

7. The Plaintiff provided proper notice to the Defendants prior to filing the complaint as required by Mississippi Code Annotated Section 15-1-36(15). See Notice Letter attached hereto as Exhibit "A."

8. At all times relevant Defendants owned and/or operated medical facilities and/or provided medical care to the Plaintiff, Gloria Holmes.

9. The other John and Jane Doe Defendants are other individuals or entities who are unknown to Plaintiff and may be liable for the causes of action set forth herein.

## III. FACTUAL BACKGROUND

10. Golden Living Center and Fresenius Medical Care Sardis negligently placed Mrs. Holmes in a van and failed to properly secure Mrs. Holmes in her wheelchair. As a result of being unsecured in the vehicle, Mrs. Holmes fell out of her wheelchair during transportation from Fresenius to Golden Living. Mrs. Holmes sustained a fractured left hip from the fall. Mrs. Holmes was found on the floor of the van when it returned to Golden Living. Mrs. Holmes was

found in excruciating pain. Instead of rushing Mrs. Holmes straight to the emergency room, Golden Living forced Mrs. Holmes to sit in pain and wait at Golden Living for a mobile x-ray.

## IV. CLAIMS

11. The averments of the foregoing paragraphs are incorporated herein as if set forth at length below.

12. At all pertinent times hereto, Golden Living Center, Fresenius Medical Care Sardis and John and Jane Does I-X and respective agents and/or employees of the same owed a non-delegable duty to Gloria Holmes to provide professional healthcare services consistent with the nationally recognized minimally acceptable levels of competency which they would be expected to possess and apply given their qualifications and levels of expertise which they held themselves out as possessing, considering the circumstances of the patient's case. Defendants breached said duty, actually and proximately causing damages to Mrs. Holmes.

## CLAIMS FOR RELIEF

### COUNT I – MEDICAL NEGLIGENCE, NEGLIGENCE *PER SE*, AND GROSS NEGLIGENCE

13. The averments of paragraphs above are incorporated herein as if set forth at length below.

14. At all times relevant hereto, Defendants acted, or failed to act, through their agents, servants and/or employees, and are legally liable for all harm caused by their negligence to Gloria Holmes as set forth herein.

15. At all times relevant hereto, Defendants, Golden Living Center, Fresenius Medical Care Sardis and John and Jane Does I-X, controlled and supervised the activities of all individuals charged with the care of Gloria Holmes as averred herein, and had a duty to meet the standard of care.

16. At all times relevant hereto, Defendants' actions and inactions and those of its employees, agents or servants, as well as those residents for whom the Defendants were responsible, constituted breaches and violations of the standard of care for providing medical care under Mississippi law.

## DAMAGES

17. As a direct and proximate result of the negligence of the Defendants, jointly and severally, and other John and Jane Doe Defendants, as set forth above, Gloria Holmes incurred damages, including, but not limited to, the following:

   a. Pain and suffering of Gloria Holmes;

   b. Bodily injury of Gloria Holmes;

   c. Medical and hospital expenses;

   e. Mental and emotional distress of Gloria Holmes;

   f. All other damages allowed by the laws of the State of Mississippi.

## DEMAND FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon a trial by jury of this matter, a judgment will be returned in excess of the minimum jurisdictional limits of this Court, plus pre-judgment and post-judgment interest, all reasonable costs.

Respectfully submitted, this the 12th day of March, 2013.

GLORIA HOLMES, PLAINTIFF

By: _____
R. TODD WILLIS, JR., ESQUIRE
ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**

John F. Hawkins, Esquire (MS Bar #9556)
R. Todd Willis, Esquire (MS Bar # 104179)
HAWKINS | GIBSON, PLLC
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

## ATTORNEY CERTIFICATE

1. I am a competent adult resident citizen and an attorney licensed to practice in all Courts in the State of Mississippi and is a member in good standing of the Mississippi Bar.

2. I have reviewed the facts of the case as set forth in the preceding Complaint and have consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence.

3. I believe said expert is knowledgeable in the relevant issues as set forth in the Complaint. Based on our review and consultation, there is a reasonable basis for the commencement of the instant action.

_____
R. TODD WILLIS, JR., ESQUIRE



# HAWKINS | GIBSON, PLLC

**The Millsaps Buie House**
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

**Gulf Coast Office**
153 Main Street
Bay St. Louis, Mississippi 39520
Telephone: (228) 469-0785
Facsimile: (228) 467-4212

John F. Hawkins
Edward Gibson*

From the Desk of:
**John F. Hawkins**
Jackson, Mississippi
Phone: (601) 969-9692
Email: john@hgattorneys.com

August 14, 2012

*VIA CERTIFIED MAIL/RETURN RECEIPT REQUESTED, FACSIMILE AND U.S. MAIL*

Fresenius Medical Care Sardis
200 E. Frontage Rd.
Sardis, MS 38666

Re: *Gloria Holmes - Miss. Code Ann. § 15-1-36 Notice Letter*

To whom it may concern:

This letter will provide notice of claims against Fresenius Medical Care and any and all known and unknown staff, doctors, and nurses or other agents or representatives of Fresenius Medical Care involved in any way in the fall of Gloria Holmes that occurred during transportation from Fresenius Medical Care in Sardis, MS, to Golden Living Center on May 24, 2011, that fractured her left hip. This notice is being provided pursuant to Miss. Code Ann. § 15-1-36(15); the claimants herein base the claims on negligence and gross negligence which directly caused injury to Gloria Holmes.

Specifically, Fresenius Medical Care negligently placed Mrs. Holmes in a van and failed to properly secure Mrs. Holmes in her wheelchair. As a result of being unsecured in the vehicle, Mrs. Holmes fell out of her wheelchair during transportation from Fresenius to Golden Living. Mrs. Holmes sustained a fractured left hip from the fall. Mrs. Holmes was found on the floor of the van when it returned to Golden Living. Mrs. Holmes was found in excruciating pain.



*Also licensed to practice in Louisiana

Re: Gloria Holmes
Page 2

At all pertinent times hereto, Fresenius Medical Care and its respective agents and/or employees of the same owed a duty to Gloria Holmes to provide professional healthcare services consistent with the nationally recognized minimally acceptable levels of competency which they would be expected to possess and apply given their qualifications and levels of expertise which they held themselves out as possessing, considering the circumstances of Ms. Holmes' case. Fresenius Medical Care breached said duty, actually and proximately causing damages including personal injury to Ms. Holmes.

Gloria Holmes intends to bring suit against Fresenius Medical Care for her injuries. The claimant intends to demand any and all damages available to them under applicable law, including but not limited to damages for physical and emotional pain and suffering.

If this claim cannot be resolved within the period required before litigation can be commenced, the claimants will have no alternative but to file suit and proceed with an action against the above-named potential defendants. We look forward to hearing from your representation.

Sincerely,

HAWKINS | GIBSON, PLLC

John F. Hawkins, Esquire

JFH:rtw

HAWKINS GIBSON
628 NORTH STATE STREET, BOX 24627
JACKSON, MS 39225

**CERTIFIED MAIL**



9414 7112 0108 0345 2338 86

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: ( ☐ Addressee or ☐ Agent)
X Amy McMaster

B. Received By: (Please Print Clearly)
Amy McMasters

C. Date of Delivery
8/15/12

D. Addressee's Address (If Different From Address Used by Sender.)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City    State    ZIP + 4 Code

RETURN RECEIPT REQUESTED

Article Addressed To:

Fresenius Medical Care Sardis
200 E. Frontage Road
Sardis MS 38666-1339

---

**U.S. Postal Service**
**Certified Mail Receipt**

ARTICLE NUMBER
9414 7112 0108 0345 2338 86

ARTICLE ADDRESS TO:
Fresenius Medical Care Sardis
200 E. Frontage Road
Sardis MS 38666-1339

FEES
Postage per piece     $2.10
Certified Fee          2.95
Return Receipt Fee     2.35
Total Postage & Fees:  $7.40

Postmark
Here

# HAWKINS | GIBSON, PLLC

*The Millsaps Buie House*
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

*Gulf Coast Office*
153 Main Street
Bay St. Louis, Mississippi 39520
Telephone: (228) 469-0785
Facsimile: (228) 467-4212

John F. Hawkins
Edward Gibson*

From the Desk of:

**John F. Hawkins**
Jackson, Mississippi
Phone: (601) 969-9692
Email: john@hgattorneys.com

August 14, 2012

***VIA CERTIFIED MAIL/RETURN
RECEIPT REQUESTED,
FACSIMILE AND U.S. MAIL***

GGNSC Batesville LLC d/b/a
Golden Living Center
1000 Fianna Way
Fort Smith, AR 72919

GGNSC Clinical Services LLC
1000 Fianna Way
Fort Smith, AR 72919

GGNSC Administrative Services LLC
1000 Fianna Way
Fort Smith, AR 72919

Re: *Gloria Holmes - Miss. Code Ann. § 15-1-36 Notice Letter*

To Whom It May Concern:

This letter will provide notice of claims against GGNSC Batesville LLC d/b/a Golden Living Center, GGNSC Clinical Services LLC, GGNSC Administrative Services LLC, and any and all known and unknown staff, doctors, and nurses or other agents or representatives of Golden Living Center involved in any way in the fall of Gloria Holmes that occurred during transportation from Fresenius Medical Care to Golden Living Center on May 24, 2011, that fractured her left hip. This notice is being provided pursuant to Miss. Code Ann. § 15-1-36(15); the claimants herein base the claims on negligence and gross negligence which directly caused injury to Gloria Holmes.

Specifically, Golden Living Center negligently placed Mrs. Holmes in a van and failed to properly secure Mrs. Holmes in her wheelchair. As a result of being unsecured in the vehicle,

*\*Also licensed to practice in Louisiana*

Re: Gloria Holmes
Page 2

Mrs. Holmes fell out of her wheelchair during transportation from Fresenius to Golden Living. Mrs. Holmes sustained a fractured left hip from the fall. Mrs. Holmes was found on the floor of the van when it returned to Golden Living. Mrs. Holmes was found in excruciating pain. Instead of rushing Mrs. Holmes straight to the emergency room, Golden Living forced Mrs. Holmes to sit in pain and wait at Golden Living for a mobile x-ray.

At all pertinent times hereto, Golden Living Center and its respective agents and/or employees of the same owed a duty to Gloria Holmes to provide professional healthcare services consistent with the nationally recognized minimally acceptable levels of competency which they would be expected to possess and apply given their qualifications and levels of expertise which they held themselves out as possessing, considering the circumstances of Ms. Holmes' case. Golden Living Center breached said duty, actually and proximately causing damages including personal injury to Ms. Holmes.

Gloria Holmes intends to bring suit against Golden Living Center for her injuries. The claimant intends to demand any and all damages available to them under applicable law, including but not limited to damages for physical and emotional pain and suffering.

If this claim cannot be resolved within the period required before litigation can be commenced, the claimants will have no alternative but to file suit and proceed with an action against the above-named potential defendants. We look forward to hearing from your representation.

                    Sincerely,

                    HAWKINS | GIBSON, PLLC

                    John F. Hawkins, Esquire

JFH:rtw

| | |
|---|---|
| **ARTICLE NUMBER**<br>9414 7112 0108 0345 2152 33 | **FEES** |
| | Postage per piece $2.10 |
| | Certified Fee 2.95 |
| | Return Receipt Fee 2.35 |
| **ARTICLE ADDRESS TO:** | **Total Postage & Fees:** $7.40 |
| GGNSC Batesville LLC d/b/a<br>Golden Living Center<br>1000 Fianna Way<br>Fort Smith AR 72919-9008 | Postmark<br>Here |

U.S. Postal Service Certified Mail Receipt



# HAWKINS | GIBSON, PLLC

**The Millsaps Buie House**
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

**Gulf Coast Office**
153 Main Street
Bay St. Louis, Mississippi 39520
Telephone: (228) 469-0785
Facsimile: (228) 467-4212

John F. Hawkins
Edward Gibson*

From the Desk of:

**John F. Hawkins**
Jackson, Mississippi
Phone: (601) 969-9692
Email: john@hgattorneys.com

August 14, 2012

*VIA CERTIFIED MAIL/RETURN
RECEIPT REQUESTED,
FACSIMILE AND U.S. MAIL*

James Williams, Administrator
Golden Living Center
154 Woodland Rd.
Batesville, MS 38606

Re: *Gloria Holmes - Miss. Code Ann. § 15-1-36 Notice Letter*

To Mr. Williams:

This letter will provide notice of claims against Golden Living Center and any and all known and unknown staff, doctors, and nurses or other agents or representatives of Golden Living Center involved in any way in the fall of Gloria Holmes that occurred during transportation from Fresenius Medical Care to Golden Living Center on May 24, 2011, that fractured her left hip. This notice is being provided pursuant to Miss. Code Ann. § 15-1-36(15); the claimants herein base the claims on negligence and gross negligence which directly caused injury to Gloria Holmes.

Specifically, Golden Living Center negligently placed Mrs. Holmes in a van and failed to properly secure Mrs. Holmes in her wheelchair. As a result of being unsecured in the vehicle, Mrs. Holmes fell out of her wheelchair during transportation from Fresenius to Golden Living. Mrs. Holmes sustained a fractured left hip from the fall. Mrs. Holmes was found on the floor of the van when it returned to Golden Living. Mrs. Holmes was found in excruciating pain. Instead of rushing Mrs. Holmes straight to the emergency room, Golden Living forced Mrs. Holmes to sit in pain and wait at Golden Living for a mobile x-ray.

*Also licensed to practice in Louisiana

Re: Gloria Holmes
Page 2

At all pertinent times hereto, Golden Living Center and its respective agents and/or employees of the same owed a duty to Gloria Holmes to provide professional healthcare services consistent with the nationally recognized minimally acceptable levels of competency which they would be expected to possess and apply given their qualifications and levels of expertise which they held themselves out as possessing, considering the circumstances of Ms. Holmes' case. Golden Living Center breached said duty, actually and proximately causing damages including personal injury to Ms. Holmes.

Gloria Holmes intends to bring suit against Golden Living Center for her injuries. The claimant intends to demand any and all damages available to them under applicable law, including but not limited to damages for physical and emotional pain and suffering.

If this claim cannot be resolved within the period required before litigation can be commenced, the claimants will have no alternative but to file suit and proceed with an action against the above-named potential defendants. We look forward to hearing from your representation.

                    Sincerely,

                    HAWKINS | GIBSON, PLLC

                    John F. Hawkins, Esquire

JFH:rtw

```
*************** -COMM. JOURNAL- ******************** DATE AUG-14-2012 ***** TIME 16:43 ********

       MODE = MEMORY TRANSMISSION              START=AUG-14 16:41    END=AUG-14 16:43

       FILE NO.=135

  STN   COMM.   ONE-TOUCH/   STATION NAME/TEL NO.                    PAGES       DURATION
  NO.           ABBR NO.

  001   OK         *          16625635815                            003/003     00:01:08


                                                         -HAWKINS GIBSON           -

**************************************** -HAWKINS GIBSON  - *****  -      6019143580- *********
```

# HAWKINS | GIBSON, PLLC

**The Millsaps Buie House**
628 North State Street (39202)
Post Office Box 24627
Jackson, Mississippi 39225-4627
Telephone: (601) 969-9692
Facsimile: (601) 914-3580

*Gulf Coast Office*
153 Main Street
Bay St. Louis, Mississippi 39520
Telephone: (228) 469-0785
Facsimile: (228) 467-4212

John F. Hawkins
Edward Gibson*

**From the Desk of:**
John F. Hawkins
Jackson, Mississippi
Phone: (601) 969-9692
Email: john@hgattorneys.com

## FAX COVER SHEET

DATE:     ~~~~~~~ 8-14-12

TO:       James Williams

FAX NO.:  662-563-5815

FROM:     Todd Willis, Law Clerk for John F. Hawkins, Esq.

PHONE:    (601) 969-9692

PAGE(S)   3  (includes cover sheet)

MESSAGE:

---

If you have a problem receiving these documents, please contact Tabitha at (601) 969-9692.

The information contained in this facsimile message is intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U. S. Postal Service. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client or work-product privilege.

*Also licensed to practice in Louisiana*

